IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL E. SHOTWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. BRANDT, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 10-05232 CW (PR)<br><br>ORDER VACATING ORDER GRANTING IN FORMA PAUPERIS STATUS; RESCINDING DIRECTIVE THAT PLAINTIFF PAY FULL FILING FEE; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLAIMS AGAINST UNSERVED NAMED DEFENDANTS SHOULD NOT BE DISMISSED |

　　　Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Venue is proper because the events giving rise to the claims in the complaint are alleged to have occurred at the SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

I.　Vacating Order Granting In Forma Pauperis Status

　　　On December 15, 2010, the Court granted Plaintiff in forma pauperis (IFP) status and, pursuant to 28 U.S.C. § 1915(b), directed the SVSP Prisoner Trust Account Office to make monthly deductions from Plaintiff's trust account until he had paid the full $350.00 filing fee. The Court also instructed Plaintiff to pay an initial partial filing fee of $ 120.00. However, the Court's records indicate that Plaintiff actually paid the full filing fee of $350.00 on December 16, 2010. See Receipt Number 34611054023. Therefore, the Court's Order granting IFP status to Plaintiff is VACATED, and the directive that Plaintiff pay the full filing fee is RESCINDED.

　　　The Clerk of the Court shall send copies of this Order to the Court's Finance Office and to the SVSP Prisoner Trust Accounts

Office. This Court's Finance Office shall reimburse Plaintiff for all fee payments that have been deducted from his trust account and sent to the Court pursuant to the December 15, 2010 Order.

II. Directing Plaintiff to Show Cause Why Claims Against Unserved Named Defendants Should Not Be Dismissed

In his complaint, Plaintiff names the following Defendants: SVSP Lieutenants S. Brandt, L. Negron and R. A. Kessler; SVSP Sergeant B. Petersen; SVSP Warden G. Lewis; SVSP Appeals Coordinators E. B. Jones, P. Nickerson and E. Medina; SVSP Correctional Officers C. Santos, G. Gudino, S. Celaya and D. Garcia; SVSP Captain W. Muniz; and Chief of Inmate Appeals Branch N. Grannis. Plaintiff seeks monetary damages.

To date, Plaintiff has not filed a proof of service on any of the Defendants named above. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff's complaint has been pending for over 120 days and thus, absent a showing of "good cause," claims against the unserved defendants are subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Recognizing the fact that he is an incarcerated pro se litigant, the Court finds good cause exists to extend the service deadline under Rule 4(m). Within thirty (30) days from the date of this Order, Plaintiff shall file proof that he has served the named

2

Defendants.  The failure to do so will result in the dismissal of all claims against these named Defendants without prejudice.

Even if a prisoner pays the fee and serves the complaint on his own, the Court is still required to review the action before it can proceed.  See 28 U.S.C. § 1915A(a) (federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.)  Once Plaintiff has filed proof that he has served the named Defendants, the Court will screen it in a separate written order.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 4/18/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MANUEL E SHOTWELL,

        Plaintiff,

  v.

S BRANDT et al,

        Defendant.

Case Number: CV10-05232 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Shotwell T-57486
D-7-118 low
Salinas Valley State Prison
P. O. Box 1050
Soledad, Ca 93960-1050

U.S. District Court's Finance Office
San Francisco, CA
(sent via inter-office mail)

Salinas Valley State Prison
Prisoner Trust Accounts
P. O. Box 1050
Soledad, Ca 93960-1050

Dated: April 18, 2011

                                  Richard W. Wieking, Clerk
                                  By: Nikki Riley, Deputy Clerk