United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUEL E. SHOTWELL,

   Plaintiff,

  v.

S. BRANDT, et al.,

   Defendants.

_____/

No. C 10-05232 CW (PR)

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL; DENYING
REQUEST FOR EXTENSION OF TIME
AS MOOT

  Plaintiff, a state prisoner, filed the instant <u>pro se</u> prisoner complaint under 42 U.S.C. § 1983.  Before the Court is Plaintiff's motion for appointment of counsel and also his request for extension of time to respond to the Court's Order directing him to show cause as to why his claims against the unserved defendants should not be dismissed.

  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  <u>See</u> <u>Lassiter v. Dep't of Soc. Servs.</u>, 452 U.S. 18, 25 (1981); <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952

United States District Court
For the Northern District of California

(9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Accordingly, the request for appointment of counsel at this time is DENIED without prejudice to the Court's considering at a later stage of the proceedings whether appointment of counsel is warranted.

On May 2, 2011, Plaintiff filed a motion for extension of time to respond to the Court's April 18, 2011 Order.  In that Order, the Court directed Plaintiff to show cause as to why claims against the unserved named Defendants should not be dismissed within thirty days from the date of that Order.  On May 4, 2011, Plaintiff filed a timely response to the Court's Order to show cause.

Accordingly, Plaintiff's motion for extension of time is DENIED as moot.

**United States District Court**
For the Northern District of California

1    This Order terminates Docket nos. 12 and 17.

2    IT IS SO ORDERED.

3    Dated:   6/16/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MANUEL E SHOTWELL,

       Plaintiff,

  v.

S BRANDT et al,

       Defendant.

_____/

Case Number: CV10-05232 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel  Shotwell T-57486
D-7-118 low
Salinas Valley State Prison
P. O. Box 1050
Soledad,  Ca 93960-1050

Dated: June 16, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

4