IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL E. SHOTWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>S. BRANDT, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-05232 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DIRECTING CLERK OF COURT TO PROCEED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3); DENYING AS MOOT PLAINTIFF'S MOTION FOR SERVICE BY THE U.S. MARSHAL<br><br>(Docket nos. 19 & 29) |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.

On December 15, 2010, the Court determined that Plaintiff qualified to proceed in forma pauperis (IFP) and, accordingly, granted him IFP status. On December 16, 2010, however, Plaintiff paid the full filing fee of $350.00. The Court consequently vacated his IFP status and ordered him to serve all of the named Defendants or face dismissal of his claims against those Defendants.

I. Plaintiff's Motion for Default Judgment

On December 29, 2011, Plaintiff filed a motion for default judgment as to all Defendants. In his motion, he states that Defendants were served with the summons and complaint in this case on September 8, 2011, and that they have not yet responded. In support of his motion, he attaches signed certified mail receipts dated September 8, 2011.

Plaintiff argues that because Defendants have not timely appeared in this action after having been served, he is entitled to a default judgment against them. The Court has ascertained,

however, that no Defendant has notified the California Attorney General's Office of the pendency of this action or that he has been served with the summons and complaint; no Defendant is represented by the California Attorney General's Office at this time.

The reasonable inference to be drawn from the above is that Plaintiff's attempt to serve Defendants was unsuccessful. Accordingly, Plaintiff's application for the entry of default judgment is DENIED as premature.

II. Plaintiff's Request for Court-Ordered Service

In various filings that pre-date his motion for default judgment, Plaintiff requests that the Court direct either the United States Marshal or other Court personnel to assist him in effectuating service of process. The Court hereby addresses those requests.

Under 28 U.S.C. § 1915, the Court may authorize a party to proceed IFP in an action or proceeding if the party submits an affidavit showing the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). If such authorization is granted, the Marshal is directed to serve all process in the case. Id. § 1915(c),(d). If such authorization is denied, the plaintiff is not automatically entitled to have the Marshal serve Defendants. Fed. R. Civ. P. 4(c)(2). However, even if a plaintiff is not proceeding IFP, the Court has discretion, at the plaintiff's request, to order that service by made by the Marshal or by a person specially appointed by the Court. Fed. R. Civ. P. 4(c)(3).

This action has been pending since November of 2010. Plaintiff, an incarcerated state prisoner, appears to have exercised diligence in attempting to serve Defendants but has been

2

unable to effect service himself. The Court, therefore, will exercise its discretion under Federal Rule of Civil Procedure 4(c)(3) and direct the Clerk of the Court to attempt to serve Defendants, as set forth in the Conclusion of this Order.

In light of the above, Plaintiff's motion for service by the Marshal is DENIED as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to SVSP Lieutenants S. Brandt, L. Negron and R.A. Kessler; SVSP Sergeant B. Petersen; SVSP Warden G. Lewis; SVSP Appeals Coordinators E. B. Jones, P. Nickerson and E. Medina; SVSP Correctional Officers C. Santos, G. Gudino, S. Celaya and D. Garcia; SVSP Captain W. Muniz and the Chief of the Inmate Appeals Branch in Sacramento, N. Grannis.

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the <u>California Attorney General's Office</u>. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and

3

return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later

4

than sixty (60) days after the date on which Defendants' motion is filed.

The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence

5

may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. Defendants shall file a reply brief no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

This Order terminates Docket nos. 19 and 29.

IT IS SO ORDERED.

DATED: 3/19/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE