IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MANUEL E. SHOTWELL,<br><br>        Plaintiff,<br><br>  v.<br><br>S. BRANDT, et al.,<br><br>        Defendants. | Case No.: C 10-5232 CW (PR)<br><br>ORDER GRANTING REQUEST TO SCREEN COMPLAINT; DISMISSING CLAIMS WITH PREJUDICE; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, ENTRY OF DEFAULT JUDGMENT AND LEAVE TO FILE SUPPLEMENTAL COMPLAINT; GRANTING LEAVE TO FILE AMENDED COMPLAINT RAISING NEW CLAIMS<br><br>(Docket nos. 40, 42, 43) |
|---|---|

    Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed the instant pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by prison officials at SVSP.  Plaintiff paid the full filing fee and attempted to serve Defendants.  When his attempts were unsuccessful, the Court directed the Clerk of the Court to mail to Defendants a Notice of Lawsuit and Request for Waiver of Service of Summons.

    Defendants have waived service and move the Court to screen the complaint pursuant to 28 U.S.C. § 1915A(a).[1]

STANDARD OF REVIEW

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity

---

[1] Defendants are not required to respond to the complaint prior to screening by the Court; accordingly, Plaintiff's motion for the entry of default judgment against Defendants because they have not responded to the complaint is DENIED.

or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

DISCUSSION

I.  Background

Plaintiff alleges the following: Defendants found two inmate-manufactured weapons in his cell and issued a rules violation report (RVR) against him even though his cellmate confessed to ownership of the weapons; they held him in administrative segregation pending investigation of the RVR, wrongfully found him guilty of the RVR, sentenced him to a term in the secured housing unit (SHU) and assessed a loss of 360 days of credits; they continued to hold him in administrative segregation after the finding of guilt was overturned for procedural and evidentiary reasons on administrative appeal; they reissued the RVR and held a second disciplinary hearing; and, they did not release him from administrative segregation until

after he was found not guilty at the second hearing based on a lack of evidence.

Plaintiff claims the above events violated his right to due process under the Fourteenth Amendment and amounted to cruel and unusual punishment in violation of the Eighth Amendment.

II. Due Process Violation

The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A protected liberty interest may be created either by the Due Process Clause of its own force or by states through statutes or regulations. Sandin v. Connor, 515 U.S. 472, 483-84 (1995). A deprivation authorized by state law may amount to deprivation of a protected liberty interest if the deprivation is one of "real substance," that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or "will inevitably affect the duration of [a] sentence," id. at 487.

Plaintiff complains that his right to due process was violated because he was charged with a RVR that was unsubstantiated and ultimately dismissed. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Consequently, the fact that a prisoner may have been innocent of disciplinary charges brought against him and

3

incorrectly held in administrative segregation does not raise a due process issue.  The Constitution demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Plaintiff further maintains that his right to due process was violated because he was held in administrative segregation pending investigation of the unsubstantiated charges against him.  The hardship associated with placement in administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself.  See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (applying Hewitt v. Helms, 459 U.S. 460 (1983)).  An inmate's placement in segregation pending investigation of disciplinary charges does not present a constitutionally cognizable claim unless the deprivation suffered is one of "real substance" as defined in Sandin.  See Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000).

Here, the Court need not decide whether the facts alleged by Plaintiff show that his placement in administrative segregation pending investigation of the disciplinary charges against him amounted to a deprivation of real substance because, even if it did, he does not allege facts that show he was denied due process.  The Ninth Circuit holds that when prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process requires that they comply with the following procedures: (1) they must hold an informal non-

4

adversarial hearing within a reasonable time after the prisoner is segregated, (2) the prisoner must be informed of the charges against him or the reasons segregation is being considered, and (3) he must be allowed to present his views. See Toussaint, 801 F.2d at 1100. Additionally, "some evidence" must support the decision to place a prisoner in segregation for administrative reasons. Id. at 1104.

The facts alleged by Plaintiff show that he was not denied due process when he was placed and retained in administrative segregation pending disposition of the initial RVR. Specifically, he alleges that "immediately" after the two inmate-manufactured weapons were found in his cell on February 18, 2009, both he and his cellmate "were advised of the findings," they were rehoused in administrative segregation, and they were issued CDC Form 114-D "lock-up" orders based on the possession of an inmate manufactured weapon, in violation of California Code of Regulations, Title 15 § 3006(a).[2]  Compl. ¶¶ 8-9.  Additionally, he alleges that the next day he was interviewed by Defendant W.

---

[2] California Code of Regulations, Title 15 § 3336 provides, "The reasons for ordering an inmate's placement in administrative segregation will be clearly documented on a CDC Form 114-D (Order and Hearing on Segregated Housing)."  Further, § 3338 provides that a hearing must be held on the segregation order within ten days of the inmate's placement in segregation. When the reason for an inmate's initial placement in administrative segregation is a disciplinary matter and likely to result in a formal report of violation of institution rules on a CDC Form 115, "the hearing will assume the alleged misconduct or criminal activities to be factual as reported in the segregation order. The hearing will not consider evidence or information relating to the guilt or innocence of the inmate.  The only determination to be made is whether the inmate needs to be retained in administrative segregation . . . pending resolution or disposition of disciplinary issues."  § 3338(e).

5

1 Muniz, the facility captain, about the CDC Form 114-D order,
2 "during the CDC 114-D hearing" his cellmate took responsibility
3 for possession of the weapons, and he and his cellmate both were
4 issued RVRs on February 27, 2009.  Compl. ¶¶ 10-13.  Based on
5 such allegations, the Court finds Plaintiff was provided with the
6 process required by Toussaint.

7 Further, the Court finds no claim for the violation of due
8 process based on Plaintiff's retention in administrative
9 segregation from November 9, 2009 -- the date on which the
10 results of the first disciplinary hearing were vacated -- until
11 December 8, 2009 -- the date on which he was found not guilty of
12 the reissued charges at the second disciplinary hearing.
13 California state prison regulations allow for the reissuance and
14 rehearing of disciplinary charges after a prior hearing is found
15 procedurally inadequate.  See Cal. Code Regs., tit. 15
16 § 3312(b)(1).  This complies with the demands of federal due
17 process, which requires that a violation of procedural due
18 process be corrected procedurally, not by reinstatement of the
19 substantive right.  That is, the remedy for an unfair hearing is
20 another hearing.  See Raditch v. United States, 929 F.2d 478, 481
21 (9th Cir. 1991).  Here, due process was satisfied when the
22 results of the first disciplinary hearing were vacated, the RVR
23 was ordered reissued and reheard, Plaintiff was found not guilty
24 at the second hearing, and he was released from administrative
25 segregation and not subjected to credit loss or any other form of
26 punishment.  Consequently, Plaintiff was provided with all of the
27 process to which he was entitled.[3]

---

[3] No due process claim is alleged for the second hearing.

6

Based on the above, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted for the violation of his right to due process, and that granting him further leave to amend the complaint would be futile. Accordingly, this claim is DISMISSED with prejudice.

III. Eighth Amendment Violation

Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by his placement in administrative segregation for more than six months because of the above events. Plaintiff's allegations fail to state a claim upon which relief may be granted, however, because an inmate's transfer to administrative segregation pending the investigation and resolution of disciplinary charges against him does not constitute punishment: "[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983); cf. Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir. 1997) (contemporary standards of decency are not violated by classification programs which pursue "important and laudable" goals and are instituted under the state's authority to operate correctional facilities). Further, the usual hardships associated with administrative segregation do not violate the Eighth Amendment. Toussaint v. Yockey, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984); see Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment).

Based on the above, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted for the violation of his Eighth Amendment right to be free from cruel and unusual punishment, and that granting him further leave to amend the complaint would be futile. Accordingly, this claim is DISMISSED with prejudice.

IV. Supplemental Complaint

Plaintiff has submitted a supplemental complaint for the Court's review. Docket no. 49.

The district court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to allow supplemental pleadings is discretionary, to be exercised "upon such terms as are just." Id. Matters newly alleged in a supplemental complaint must have some relation to the claim set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Supplemental pleadings cannot be used to introduce a separate, distinct and new cause of action. See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

Here, Plaintiff's proposed supplemental complaint alleges that, from September 2010 to the present, prison officials have improperly processed and denied his administrative appeals and mishandled and tampered with his incoming and outgoing mail. He maintains that such actions are in retaliation for his having filed the instant lawsuit and for filing administrative appeals. He describes numerous incidents and names several alleged

8

responsible individuals.

Although Plaintiff alleges that the instant lawsuit was, in part, the genesis of the actions complained of in the supplemental complaint, the allegations are conclusory and introduce a separate, distinct and new cause of action for retaliation that is not related to the due process and Eighth Amendment claims raised in the original complaint. Accordingly, the claims are not properly raised in a supplemental complaint and leave to file a supplemental complaint is DENIED. Plaintiff, however, may raise these claims in an amended complaint, which will supersede the original complaint in its entirety. The amended complaint will be screened by the Court under 28 U.S.C. § 1915A. Plaintiff must identify all Defendants and allege facts (1) that are sufficient for the Court to determine whether he states a claim for the violation of his constitutional rights, (2) that link each Defendant to the injury for which that Defendant is alleged to be responsible, and (3) that specify and link the relief he seeks to a particular Defendant or Defendants.[4]

V.   Appointment of Counsel

Plaintiff has moved for the appointment of counsel to assist him with the prosecution of this action. Because there is no pending claim at this time, the request is DENIED as premature.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

---

[4] While Plaintiff is not required to plead the exhaustion of administrative remedies in his amended complaint, he is informed that any claim that has not been exhausted prior to the filing of the amended complaint will be subject to dismissal.

9

1. Defendants' request to screen the complaint is GRANTED.

2. Plaintiff's request for the entry of default judgment is DENIED.

3. All claims in the original complaint are DISMISSED with prejudice and without leave to amend.

4. Leave to file a supplemental complaint is DENIED.

5. Plaintiff may file an amended complaint no later than <u>thirty</u> days from the date of this Order.  He shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 10-5232 CW (PR), and the heading, "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed with prejudice and closed</u>.

6. Plaintiff's motion for the appointment of counsel is DENIED.

This Order terminates Docket nos. 40, 42 and 43.

IT IS SO ORDERED.

Dated: 12/17/2012

                              CLAUDIA WILKEN
                              UNITED STATES DISTRICT JUDGE