IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MANUEL E. SHOTWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. BRANDT, et al.,<br><br>　　　　Defendants. | Case No.: C 10-5232 CW (PR)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING PLAINTIFF'S REQUESTS FOR REFUND OF FILING FEE AND THE APPOINTMENT OF COUNSEL; DIRECTING CLERK OF THE COURT TO SEND CIVIL RIGHTS COMPLAINT FORM TO PLAINTIFF<br><br>(Docket no. 54) |
|---|---|

　　　Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by prison officials at SVSP. Now pending before the Court are various motions filed by Plaintiff.

A.  Motion for Extension of Time

　　　Upon initial review of the complaint, the Court found Plaintiff failed to state a claim upon which relief may be granted; the Court dismissed all claims in the complaint without leave to amend. However, the Court granted Plaintiff leave to file an amended complaint raising claims concerning events that have transpired since the original complaint was filed.

　　　Plaintiff moves for an extension of time to file his amended complaint and to be provided with a copy of the court's civil rights complaint form. Good cause appearing, the request is GRANTED.

B.   Motion for Appointment of Counsel

Plaintiff moves for the appointment of counsel to assist him with the preparation of his amended complaint.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525.  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Here, it is too early in the proceedings for the Court to determine Plaintiff's likelihood of success on the merits and, with the assistance of other inmates, he has been able to articulate his claims adequately in light of the complexity of the legal issues involved.  Accordingly, the motion for the appointment of counsel is DENIED without prejudice.

C.   Request for Refund of Filing Fee

At the time Plaintiff filed this action he applied for leave to proceed in forma pauperis (IFP).  Because the application was deficient, the Clerk notified Plaintiff that he must submit a completed application or pay the filing fee.  Approximately two weeks later, on November 30, 2010, Plaintiff sent a letter to the Court stating that his request to have prison officials take $350.00 from his prison trust account to pay the filing fee had

been approved, and that the fee should be paid within the next thirty days. Subsequently, on December 8, 2010, the Court received from Plaintiff a completed IFP application. On December 15, 2010, the Court granted Plaintiff's request to proceed IFP. On December 16, 2012, the $350.00 filing fee was paid. Consequently, the Court vacated the order granting Plaintiff IFP status and directed the Court's Finance Office to refund to Plaintiff any fees that had been paid out of his trust account as a result of the grant of IFP status.

Plaintiff now moves the Court to restore his IFP status and refund the $350.00 filing fee because he is indigent. The request is DENIED. The fee in this case has been paid and is not refundable.[1]

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file his amended complaint and to be provided with the court's civil rights complaint form is GRANTED.

Plaintiff shall file his amended complaint by no later than **March 1, 2013.** The failure to do so will result in the dismissal of this action without prejudice.

The Clerk of the Court is DIRECTED to send Plaintiff the court's civil rights complaint form together with this Order.

2. Plaintiff's motion for the appointment of counsel is DENIED.

---

[1] Even if Plaintiff were proceeding IFP, he would be responsible for paying the entire $350.00 filing fee, albeit in monthly installments. See 28 U.S.C. § 1915(b)(1).

3

1   3.   Plaintiff's request to refund the filing fee is DENIED.
2   This Order terminates Docket no. 54.
3   IT IS SO ORDERED.
4 Dated: 1/14/2013

        _____
        CLAUDIA WILKEN
        UNITED STATES DISTRICT JUDGE